IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| Aamir Qureshi, et. al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| Six Flags America, LP | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff Aamir Qureshi, by and through counsel, and pursuant to Maryland Rule of Civil Procedure 2-422, requests Defendant Six Flags America, LP ("Six Flags") to produce for inspection and copying the items listed below. Such production is requested to take place in the office of Plaintiff's Counsel at 5270 Shawnee Rd. #102, Alexandria, Va. 22312. Unless otherwise stated, compliance with each request may be made by mailing copies of such documents to Plaintiff's attorney within the time specified by the Rule.

## INSTRUCTIONS

(A)   The term "document" or "documents", unless otherwise specified, means any written, recorded, or graphic matter, however produced or reproduced, and whether or not now in existence, including, but not limited to, correspondence; telegrams; notes or sound recordings of any type of personal or telephone conversations, or of meeting or conferences; minutes of meetings; memoranda; inter-office and intra-office communications; studies and analyses; reports; results of investigations; reviews; contracts; agreements; working papers; statistical records; ledgers; books of account; vouchers; bank checks; invoices; receipts; computer data; stenographer notebooks; desk calendars; appointment books; diaries; personnel forms; or papers

Exhibit D

similar to any of the foregoing, however denoted. If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modifications of a copy by the addition of notions, or other modifications, are no longer identical) each non-identical copy is a separate "document".

(B)     This request is directed at all documents within the possession, custody or control of defendant, and also includes documents within the possession, custody or control of agents, persons or entities in privity with defendant, including past or present attorneys.

(C)     As used herein, the term "relating to" and its cognates means containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in this request.

(D)     To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents, defendant is requested to state with respect to such document the following as applicable:

    a.    The author of such document;

    b.    To whom such document is addressed;

    c.    The date upon which such document was prepared;

    d.    The title or heading of such document;

    e.    The type of document (e.g., handwritten note, memorandum, tape recording, journal, desk calendar, books of account, etc.);

    f.    Any other information which might be necessary to describe such document sufficiently for a designation thereof;

    g.    The present location and custodian; and

    h.  The basis for the claim of privilege.

(E) This request is deemed to be continuing, and any additional documents relating in any way to this Request which defendant acquires subsequent to the date of response to this request, up to and including the time of trial, shall be furnished to plaintiff promptly.

(F) The pronoun "you" refers to the party to whom these Interrogatories are addressed, and any of the persons mentioned in clause (d). Furthermore, the terms "you," "Six Flags," "Six Flags America LP" and/or "Defendant" shall, due its governmental nature, include employees, agents, servants, contractors, officers, officials, and authorized representatives of Defendant, including but not limited to all of its component parts, departments, officers, and agencies.

## REQUESTS

**Request No. 1:** Any and all photographs, videotapes, diagrams, or other depictions of or related to the occurrence complained of herein, including but not limited to those showing the parties involved, the Superman roller coaster or any part thereof, and any other objects connected with said occurrence.

**Request No. 2:** Any and all objects of physical evidence related to the occurrence complained of herein.

**Request No. 3:** Copies of any and all documents/items received as a result of, or in any way responsive to, any subpoena sent in this matter.

**Request No. 4:** A copy of any and all statements made to any emergency services agency (police, fire, ems, etc), security department, regulatory and/or governmental body, or to any insurance company regarding this accident.

**Request No. 5:** Any records, documents, physical evidence or other items which you contend support any affirmative defense you intend to raise in defense of the Plaintiffs'

claims.

**Request No. 6:** Any records, documents, physical evidence or other items which you contend support any defense to any allegation in whole or in part as set forth in the Complaint.

**Request No. 7:** All reports, memoranda, letters, working papers or other writing of any experts with whom you have consulted in connection with any aspect of this litigation and whom you intend to call at trial.

**Request No. 8:** A curriculum vitae, resume or other proof of qualifications or including professional licenses or degrees for any expert you plan to use at trial.

**Request No. 9:** Any and all operation manuals, handouts, construction and/or assembly materials, recall notices, manufacturer notices, seller notices, etc. relating to the Superman ride at issue, from time of original installation to June 4, 2021.

**Request No. 10:** The training curriculum and related material applicable to any and all personnel involved in the operation of the Superman ride.

**Request No. 11:** Copies of training logs, attendance records, and/or completion certificates (however named/styled) for each and ever staff member who was operating/working upon the Superman ride on June 4, 2021.

**Request No. 12:** Duty roster, emails, post logs, etc. which show which employees were on duty at the Superman ride on June 4, 2021.

**Request No. 13:** Any and all documents showing the overall inspection history of the Superman ride for the one year period preceding the accident complained of herein.

**Request No. 14:** Any and all documents showing any pre-opening inspection(s) and/or testing for the Superman ride on June 4, 2021.

**Request No. 15:** Any and all analyses performed on the Superman ride, with respect to patron restraint and containment, irrespective of how such analysis is titled, styled, or referred to. This includes but is not limited to correspondence, memoranda, emails, third-party materials, etc.

**Request No. 16:** Any and all analyses documents relating to, pertaining to, or otherwise regarding the patron clearance envelope on/of the Superman ride, irrespective of how such document is titled, styled, or referred to. This includes but is not limited to correspondence, memoranda, emails, third-party materials, etc.

**Request No. 17:** Any insurance application (including addendum applications) completed by, or on behalf of, Six Flags relating to the installation and subsequent operation of the Superman ride, prior to 6/4/21.

**Request No. 18:** Any and all reports of complaints, notices, or other problems relating to the Superman ride, whether you contend such a complaint is/was substantiated, from time of installation to June 4, 2021.

**Request No. 19:** Any and all recall or defect notices relating to the Superman ride, from installation to June 4, 2021.

**Request No. 20:** Any and all documents pertaining to, regarding, or otherwise relating to your adherence to and/or compliance with any recall or defect notice.

**Request No. 21:** Any and all records of any maintenance and repairs performed on the Superman ride, from installation to June 4, 2021.

**Request No. 22:** All documents identified by or related to your Answers to Plaintiff's Interrogatories.

Request No. 23: Any and all Operations Documents or Manuals related to the

operation of the Superman Ride on June 4, 2021, and prior thereto.

Request No. 24: Any and all documents referring to or relating to patrons who may present with above normal exposure of injury.

Request No. 25: Any and all notices, guidelines, or warnings about the Superman ride that were posted for benefit of patrons on June 4, 2021.

Respectfully submitted,

/s/ Joseph A. Blaszkow

Joseph A. Blaszkow, CPF: 9212210001
Blaszkow Legal, PLLC
5270 Shawnee Rd. #102
Alexandria, VA 22312
(703) 879-5910
(571) 335-4646 Fax
Email: jab@blaszkowlegal.com
*Counsel for Plaintiff*